UNITED STATES DISTRICT COURT
MIDDLE DISCTRICT OF FLORIDA

| | |
|---|---|
| ABDERRAUF BOUKARDOUGHA,<br>*Plaintiff,*<br><br>v.<br><br>AFNI, INC.,<br>*Defendant.* | CASE NO. 6:23-cv-00450 |

## DEFENDANT AFNI, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant AFNI, INC. ("Defendant" or "AFNI"), by and through its counsel, and hereby answers the Complaint of Plaintiff ABDERRAUF BOUKARDOUGHA, ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 1; therefore, it denies the same.

2. Defendant admits that it at times conducts business within this jurisdiction. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 2; therefore, it denies the same.

3. Defendant admits Plaintiff seeks damages greater than $8,000. Defendant denies that Plaintiff is entitled to any such relief.

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 4; therefore, it denies the same.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 5; therefore, it denies the same.

6.      Defendant admits that it is a corporation organized under the laws of the State of Illinois with its principal place of business located in Bloomington, Illinois. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 6; therefore, it denies the same.

## JURY DEMAND

7.      This paragraph is a jury trial demand to which no response is necessary.

## FACTUAL ALLEGATIONS

8.      This paragraph states a legal conclusion, including but not limited to the use of the term "Consumer Debt," to which no response is required. To the extent a response is necessary, Defendant admits that it at times engages in the business of collecting financial obligations, and denies any allegations not specifically admitted.

9.      This paragraph states a legal conclusion, including but not limited to the use of the term "Consumer Debt," to which no response is required. To the extent a response is necessary, Defendant admits that it at times engages in the business of collecting financial obligations, and denies any allegations not specifically admitted.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

11. Defendant admits that it at times engages in the business of collecting financial obligations, and denies any allegations not specifically admitted.

12. Defendant admits that it at times engages in the business of collecting financial obligations, and denies any allegations not specifically admitted.

13. Defendant admits that it at times engages in the business of collecting financial obligations, and denies any allegations not specifically admitted.

14. Defendant admits Paragraph 14.

15. Defendant admits Paragraph 15.

16. Defendant admits Paragraph 16.

17. Defendant admits Paragraph 17.

18. Defendant denies Paragraph 18.

19. Defendant admits Paragraph 19.

20. Paragraph 20 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation.

21. Paragraph 21 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation.

22. Defendant denies Paragraph 22.

23. Defendant denies Paragraph 23.

24. Defendant denies Paragraph 24.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d

25. Defendant repeats and realleges the preceding paragraphs as though fully restated herein.

26. Paragraph 26 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation.

27. Paragraph 27 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation.

28. Paragraph 28 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation.

29. Paragraph 29 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation.

30. Paragraph 30 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation.

31. Paragraph 31 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation.

32. Paragraph 32 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation.

33. Paragraph 33 contains statements of law and/or legal conclusions to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation.

34. Defendant denies that it violated the FDCPA.

## PRAYER FOR RELIEF

35. Defendant denies that Plaintiff is entitled to any damages or the relief requested against it.

## AFFIRMATIVE DEFENSES

1. Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendant has no control.

2. Plaintiff's damages, if any, were pre-existing damages not caused by Defendant.

3. Plaintiff has failed to mitigate damages, if any.

4. Plaintiff proximately caused Plaintiff's own damages, if any.

5. To the extent a violation of the law occurred, which is expressly denied, such violation as the result of a bona fide error despite the adoption of procedures reasonably designed to prevent such an error.

6. Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

7. Defendant reserves the right to amend its answer and affirmative defenses herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

WHEREFORE, Defendant, AFNI, INC., respectfully requests this Honorable Court enter judgment in its favor, dismissing Plaintiff's Complaint and any and all other relief, at law or in equity, as the Court deems is just and equitable.

Dated: March 20, 2023.                    Respectfully submitted,

**FROST ECHOLS LLC**

/s/ *Chelsey Pankratz*
CHELSEY PANKRATZ
Mailing Address:
P.O. Box 12645
Rock Hill, SC 29731
Physical Address:
301 W. Bay Street, Suite 1440
Jacksonville, FL 32202
Phone: (904) 467-5665
Email: Chelsey.Pankratz@frostechols.com

***COUNSEL FOR DEFENDANT AFNI, INC.***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to all parties entitled to notice of the same on this 20th day of March 2023.

> Jennifer G. Simil
> Jibrael S. Hindi
> Law Offices of Jibrael S. Hindi, PLLC
> 110 SE 6th Street, 17th Floor
> Ft. Lauderdale, FL 33301
> jen@jibraellaw.com
> jibrael@jibraellaw.com

*/s/ Chelsey Pankratz*
CHELSEY PANKRATZ
